IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEPHEN NIVENS, #371269, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. SAG-20-2898 |
| MARSHALL T. HENSLEE, | * | |
| JESSICA R. BANCROFT, and | | |
| THE PUBLIC DEFENDERS OFFICE, | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM

Self-represented Plaintiff Stephen Nivens, who is currently confined at Maryland Correctional Training Center ("MCTC"), filed the above-captioned Complaint pursuant to 42 U.S.C. § 1983. ECF No. 1. He alleges ineffective assistance of counsel and malpractice against private attorney Marshall T. Henslee and public defender Jessica R. Bancroft, both of whom represented Nivens in his 2008 criminal trial in the Circuit Court for Baltimore County, Maryland. *See* ECF No. 1-5 at 8, 17. Nivens claims that as a result of Defendants' actions, he was sentenced to incarceration where he was recently exposed to COVID-19. *Id.* at 9. With his initial filing, Nivens included a Motion to Appoint Counsel (ECF No. 2), Motion for Leave to Proceed in Forma Pauperis (ECF No. 3), Motion to Subpoena Tangible Evidence Concerning Email Transfers and Wire Communications (ECF No. 4), Motion to Establish Chain of Custody (ECF No. 5), Motion to Designate Expert to Conduct Evaluation (ECF No. 6), Motion to Test Evidence (ECF No. 7), and Motion for Injunctive Prospective Relief (ECF No. 8).

Because Nivens appears indigent, the Motion for Leave to Proceed in Forma Pauperis shall be granted. For reasons that follow, however, the Complaint shall be dismissed and Nivens's remaining motions shall be denied.

This Court is obliged by 28 U.S.C. § 1915A to screen prisoner complaints and dismiss any complaint that is "frivolous, malicious or fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). In deciding whether a complaint fails to state a claim, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *See White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989).

Section 1983 provides that a plaintiff may file suit against any person who, acting under color of state law, "subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983. Section 1983 "is not itself a source of substantive rights, but merely provides 'a method for vindicating federal rights elsewhere conferred.'" *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)); *Wahi v. Charleston Area Med. Ctr.*, 562 F.3d 599, 615 (4th Cir. 2009). To state a claim under § 1983, two elements are essential: (1) that plaintiff suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Here, Nivens alleges that Defendants "willingly, knowingly and intentionally colluded" with Maryland circuit court judges, Baltimore County prosecutors, and police to deprive him of his constitutional rights. ECF No. 1-5 at 14. Nivens asserts that Defendants allowed him to be subjected to ex post facto laws, and he claims that the legal representation he received "fell so far below acceptable legal standards" that it "amount[ed] to legal malpractice." *Id.* at 17-18.

An attorney, whether retained, court-appointed, or a public defender, ordinarily does not act under color of state law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. Therefore, Defendants are not amenable to suit under § 1983. *See Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) (per curiam) (private attorney); *Hall v. Quillen*, 631 F.2d 1154, 1155-56 & nn.2-3 (4th Cir. 1980) (court-appointed attorney); *Polk County v. Dodson*, 454 U.S. 312, 317-324 & nn.8-16 (1981) (public defender). *See also Vermont v. Brillon*, 556 U.S. 81, 91 (2009) ("Unlike a prosecutor or the court, assigned counsel ordinarily is not considered a state actor."). While an attorney who conspires with a state official to violate constitutional rights does act under color of state law, evidence of the conspiracy is required. *See Tower v. Glover*, 467 U.S. 914, 920 (1984); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984) (plaintiff must make more than naked assertion of conspiracy). Nivens's bald assertions of conspiracy, without more, cannot stand. As such, his § 1983 action against Defendants must be dismissed.

To the extent that Nivens seeks to pursue a civil legal malpractice action in this Court, his claim also fails. In *Home Buyers Warranty Corporation v. Hanna*, 750 F.3d 427, 432 (4th Cir. 2014), the Fourth Circuit said: "Fundamental to our federal system is the principle that '[f]ederal courts are courts of limited jurisdiction.'" (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see United States, ex rel. Voyyuru v. Jadhov*, 555 F.3d 337, 347 (4th Cir. 2009). Indeed, "if Congress has not empowered the federal judiciary to hear a matter, then the case must be dismissed." *Hanna*, 750 F.3d at 432; *see also Miller v. Brown*, 462 F.3d 312, 316 (4th Cir. 2006). Notably, a federal court has "an independent obligation to determine whether subject-matter jurisdiction exists, even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Moreover, "[a]court is to presume . . . that a case lies outside its limited jurisdiction unless and until jurisdiction has been shown to be proper." *United States v. Poole*,

531 F.3d 263, 274 (4th Cir. 2008) (citing *Kokkonen*, 511 U.S. at 377). And, pursuant to Fed. R. Civ. P. 12(h)(3), "the court must dismiss the action" if it determines that the court lacks subject matter jurisdiction. *See also Arbaugh v. Y & H Corp.*, 546 U.S. 500, 506-07 (2006).

Congress has conferred jurisdiction on the federal courts in several ways. To provide a federal forum for plaintiffs who seek to vindicate federal rights, Congress has conferred on the district courts original jurisdiction over civil actions that arise under the Constitution, laws, or treaties of the United States. *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005); 28 U.S.C. § 1331. *See also* U.S. Constitution Art. III, § 2 ("The Judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made . . . ."). Moreover, 28 U.S.C. § 1367(a) grants district courts "supplemental jurisdiction over all other claims that are so related to claims in the action within [the courts'] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." These grounds do not apply here.

In addition, "Congress . . . has granted district courts original jurisdiction in civil actions between citizens of different States, between U.S. citizens and foreign citizens, or by foreign states against U.S. citizens," so long as the amount in controversy exceeds $75,000. *Exxon Mobil Corp.*, 545 U.S. at 552; *see* 28 U.S.C. § 1332. This so-called diversity jurisdiction "requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant." *Cent. W. Virginia Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011); *see Strawbridge v. Curtiss*, 7 U.S. 267 (1806). This jurisdictional basis is not satisfied here, because the parties are all domiciled in Maryland. As a result, Nivens cannot bring a civil legal malpractice action against Defendants in this Court.

As none of Nivens's claims are properly before this Court, his Complaint must be dismissed

for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and his remaining motions shall be denied. Nivens is advised that under 28 U.S.C. § 1915(g), he will not be granted *in forma pauperis* status if he has "on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." *Lomax v. Ortiz-Marquez*, 140 S.Ct. 1721, 1723 (June 8, 2020) (holding that regardless of whether the dismissal is with prejudice or without prejudice, the dismissal of a prisoner's civil lawsuit for failure to state a claim counts as a strike under the PLRA's three strikes rule).

   A separate Order follows.


October 13, 2020                          /s/
Date                                      Stephanie A. Gallagher
                                          United States District Judge